89 F.3d 839
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carl V. WHITBY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3225.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1996.*
Decided June 13, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Carl Whitby is in federal prison following his plea of guilty to drug offenses. He seeks relief under 28 U.S.C. § 2255, arguing that his conviction violates the double jeopardy clause of the fifth amendment because he has been "punished" by a forfeiture in addition to the sentence of imprisonment. The district court denied the petition for two reasons: first, Whitby has not established cause and prejudice for omitting the argument on direct appeal (which we dismissed after his lawyer filed an Anders brief); second, the criminal conviction and sentence preceded the forfeiture, and so cannot be subject to a plea of former jeopardy. Only the second jeopardy is problematic, so whether or not Whitby had a double-jeopardy defense to the forfeiture, he has none to the criminal conviction and sentence.
 
 
 2
 Without questioning either of these grounds, we affirm for a different reason. Cause-and-prejudice is the applicable standard when a litigant seeks relief from a forfeiture. Whitby argues that his lawyer was ineffective in failing to present the double jeopardy issue on appeal, which if so would establish "cause." But Whitby did not forfeit his double jeopardy claim. He waived it by pleading guilty. An attempt to avoid the plea and conviction on direct appeal therefore would have come to naught. United States v. Broce, 488 U.S. 563 (1989). A legal defense foreclosed by a plea of guilty has been waived and cannot be revived unless the plea itself was involuntary. Id. at 569. Whitby does not make such an argument, so his attorney cannot be faulted for the selection of issues to present in the Anders brief, and the judgment is
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)